**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-03211-CMA-KLM

ROBERT S. OLDS, and
BONNIE L. OLDS,

    Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendant.

## ORDER REMANDING CASE TO STATE COURT

This matter is before the Court *sua sponte* on the Notice of Removal (Doc. # 1), filed by Defendant Federal National Mortgage Association. For the following reasons, the Court finds that the Court does not possess subject matter jurisdiction over this action. As such, the Court REMANDS the case to the District Court, Arapahoe County, Colorado, for further proceedings.

Plaintiffs Robert S. Olds and Bonnie L. Olds (collectively, "Plaintiffs") filed a Complaint in Colorado state court on November 16, 2012. In the Complaint, Plaintiffs request $20,000 in monetary damages, which is the amount that Plaintiffs "believe they have spent in lost time to their business interests trying to preserve their interest in the property that was wrongfully foreclosed upon." (Doc. # 4 at 1.) Defendant filed its Notice of Removal on December 7, 2012. (Doc. # 1.)

In every case and at every stage of a proceeding, a federal court must "satisfy itself of its own jurisdiction," even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Ctny. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980); *see also* 28 U.S.C. § 1447(c) (court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction").

A defendant may remove an action that was filed in state court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court's original jurisdiction is premised on two statutory grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. In this case, Defendant seeks to remove the action under 28 U.S.C. § 1331.[1]

Section 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Based on the Court's review of the Complaint, it appears that Plaintiffs are challenging a state foreclosure proceeding on their property, although the legal basis for Plaintiffs' challenge is entirely unclear. However, foreclosure proceedings are generally governed by state law. *See, e.g.*, *Ramsey v. Citibank, NA*, No. 10-cv-02653, 2011 WL 4489922, at *6 (D. Colo. July 28, 2011) (unpublished) (listing cases); *Debiasse v. Chevy Chase Bank Corp.*, 144 F. App'x 245, 247 (3d Cir. 2005) ("Foreclosure is a contractual matter, governed by state law.").

---

[1] In the Complaint, Plaintiffs request monetary damages in the amount of $20,000. To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). Thus, there is no basis for diversity jurisdiction.

In the Notice of Removal, Defendant asserts that the complaint raises a federal question because it "appears to allege vicarious liability for violations by BAC Home Loans of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*" (Doc. # 1.) The Complaint alleges no such thing. Rather, the Complaint states only that Defendant "should know that BAC Homeloans continues to violate Section 5 of the FTC Act in its practice of delaying loan modifications for months and then giving misleading information to consumers regarding their loan modifications." (Doc. # 4.) The Court finds that this bare mention of a federal statute, made in connection with a company that is not party to this case, does not establish that the Complaint raises a federal question. Moreover, even if Plaintiff did intend to raise a claim under the Federal Trade Commission Act ("FTCA") against Defendant, the Court notes that "there is no private right of action under the FTCA." *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009). Thus, the Court would not have jurisdiction even if the Complaint did allege that Defendant violated of the FTCA.

Accordingly, it is ORDERED that this case is REMANDED to the District Court, Arapahoe County, Colorado, for further proceedings.

DATED: December __14__, 2012

BY THE COURT:

*/s/ Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge